

FILED
DEC 03 2007
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>Fernando MONTES (1),<br>Silvia AVILA (2),<br><br>Defendants. | Magistrate Case No.: '07 MJ 8955<br><br>COMPLAINT FOR VIOLATION OF<br><br>21 U.S.C. § 952 and 960<br>Importation of a Controlled Substance<br>(Felony) |

The undersigned complainant being duly sworn states:

That on or about November 30, 2007, within the Southern District of California, defendants Fernando MONTES and Silvia AVILA did knowingly and intentionally import approximately 14.10 kilograms (31.02 pounds) of cocaine a Schedule II Controlled Substance, into the United States from a place outside thereof, in violation of Title 21, United States Code, Sections 952 and 960.

The complainant states that this complaint is based on the attached Statement of Facts incorporated herein by reference.

_____
Sara Galyan, ICE Special Agent
U.S. Immigration & Customs
Enforcement

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS THIRD, DAY OF DECEMBER 2007.

_____
PETER C. LEWIS
UNITED STATES MAGISTRATE JUDGE

## PROBABLE CAUSE STATEMENT

I, Special Agent Sara Galvan, declare under penalty of perjury, the following is true and correct:

On November 30, 2007, Fernando MONTES and Silvia AVILA entered the United States through the Calexico, California West Port of Entry. MONTES was the driver and registered owner of a 2004 Ford Expedition. AVILA was a passenger along with three minor passengers.

MONTES claimed to Customs and Border Protection Officer (CBPO) L. Casillas that he was the owner of the vehicle for the last three months. CBPO Casillas queried the vehicle's license plate on the Treasury Enforcement Communication System (TECS) primary terminal and noticed that the vehicle had three registered crossings despite MONTES's claim that he crossed the border at least three times a week. Based on this and his apparent nervous behavior, CBPO Casillas opted to refer MONTES, AVILA and the three minor occupants with the vehicle to secondary for further inspection.

In secondary, CBPO Hernandez received a negative Customs declaration from both MONTES and AVILA. CBPO Hernandez asked MONTES where he resided and stated he had recently moved to Calexico, CA. CBPO Hernandez asked MONTES his relationship with the minors to which he stated they were his wife's nieces and nephew. AVILA reinstated that the minors were her nieces and nephew. CBPO Hernandez noticed how nervous MONTES got as he further questioned him. MONTES stated he had just purchased the vehicle he was driving in Los Angeles, CA about a month ago. When questioned again about the vehicle, MONTES stated to CBPO Hernandez that his friend gave him the car. CBPO Hernandez searched the vehicle noticing the gas tank appeared solid and noticed how the screws had been tampered with. CBPO Hernandez requested the assistance of Canine Enforcement Officer (CEO) Smura to utilize his Human/Narcotic Detector Dog (HNDD) to thoroughly search the vehicle.

CEO Smura and his HNDD conducted a search of the vehicle driven by MONTES resulting in a positive alert to the gas tank. CEO Smura then notified CBPO Hernandez of his findings.

CBPO Hernandez discovered several packages floating inside the gas tank. One of the packages was randomly selected revealing a white powdery substance. The substance was field-tested resulting positive for the presence of cocaine. A total of 24 marked packages were removed from the vehicle with a net weight of approximately 14.10 kilograms (31.02 pounds) of cocaine.

MONTES was placed under Miranda and stated that he wished to speak freely without the presence of his attorney. He stated he was unaware to the presence of cocaine in the vehicle he was driving.

AVILA was placed under Miranda and stated that she wished to speak freely without the presence of her attorney. AVILA stated that she and MONTES were both aware of the presence of narcotics in the vehicle they were traveling in today.

Executed on 11/30/2007 @ 1930 p.m.

SARA GALVAN
SPECIAL AGENT

One the basis of the facts presented in the probable cause statement consisting of 2 pages, I find probable cause to believe that the defendants named in this probable cause statement committed the offense on November 30, 2007 in violation of Title 21, United States Code, Sections 952 & 960.

11/30/2007

United States Magistrate Judge          November 30, 2007