FILED

DEC 1 1 2007

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Magistrate Case No. **07MJ8955** |
| Plaintiff, | |
| v. | **FINDINGS OF FACT AND ORDER OF DETENTION** |
| Fernando MONTES (1), | |
| Defendant. | |

In accordance with § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141 et seq.), a detention hearing was held on December 5, 2007, to determine whether defendant Fernando MONTES, should be held in custody pending trial on the grounds that he is a flight risk. Assistant U. S. Attorney James Melendres appeared on behalf of the United States. Diane Regan of Federal Defenders of San Diego, Inc., appeared on behalf of the Defendant.

Based on the evidence proffered by the United States and the Defendant, the Pretrial Services Report, and the criminal complaint issued against the Defendant on December 1, 2007, by this Court, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the Defendant required.

///
///
///
///

I

# FINDINGS OF FACT

**A.   Nature and Circumstances of the Offense Charged (18 U.S.C. §3142(G)(1)**

   1.   The Defendant is charged in Criminal Complaint No. 07MJ8955 with the importation of 14.10 kilograms (31.02 pounds) of cocaine in violation of 21 U.S.C. § 952 and 960. Therefore, probable cause exists to believe the Defendant committed the charged offense.

   2.   The charged offense is an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Uniform Controlled Substances Act (21 U.S.C.§ 801 et seq.). Thus, there arises a presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required. See 18 U.S.C. § 3142(e).

   3.   The offense carries with it a minimum mandatory 10 year sentence and a maximum life sentence. See 21 U.S.C. § 960(b)(1)(B). According to the United States Sentencing Guidelines, the Base Offense level is 34. See USSG § 2D1.1(3). Assuming the Defendant's criminal history score places him in Criminal History Category I, See USSG § 4A1.1, the sentencing range for the Defendant is 151-188 months in prison.

**B.   Weight of the Evidence Against the Defendant (18 U.S.C. § 3142(g)(2):**

   1.   On November 30, 2007, Defendant was the driver and registered owner of a 2004 Ford Expedition, accompanied by his common-law wife co-defendant Silvia AVILA and three minor children as they entered the Calexico, California, West Port of Entry. Initially Defendant stated the children were his wife's nieces and nephew, but it was later determined that the children were not related to Defendant nor to co-Defendant, but were a work acquaintances's friend's children that were being driven to school. The vehicle, and all the occupants were referred to the vehicle secondary inspection area. Defendant claimed one-month-vehicle ownership. Customs and Border Protection Officer Hernandez noticed the gas tank appeared solid and noticed the screws had been tampered with. A Narcotic Detector Dog alerted to the gas tank of the vehicle. A subsequent inspection of the vehicle resulted in the discovery of 14.10 kilograms (31.02 pounds) of cocaine within the gas tank. Defendant stated he was unaware of the presence of cocaine in the vehicle he was driving.

///

   C.   History and Characteristics of the Defendant (18 U.S.C. § 3142(G)(3)):

   1.   The Defendant is a United States citizen.

   2.   The Defendant resides in Ontario, California, with his parents, common-law wife and two children.

   3.   Defendant is employed at a car lot in Mexicali, Baja California, Mexico.

   4.   Defendant has the following criminal history:

   08/22/00 - 853.7 PC Fail to Appear after Written Promise

   08/05/99 - 853.7 PC Fail to Appear after written promise - 12 months probation, imposed sentence suspended, fine.

   D.   Nature and Seriousness of Danger Posed by Release (18 U.S.C. § 3142(g)(4):

   1.   The government proffered no evidence to suggest that release of the Defendant would pose a danger to any person or the community.

## II

## REASONS FOR DETENTION

   A.   There is probable cause to believe that the Defendant committed the offense charged in Criminal Complaint Number 07MJ8955, to wit: the importation of 14.10 kilograms (31.02 pounds) of cocaine in violation of 21 U.S.C. § 952 and 960.

   B.   The Defendant faces a substantial period of time in custody if convicted of the offense charged in the Complaint. He therefore has a strong motive to flee.

   C.   The Defendant has not rebutted the presumption, based upon the Court's findings that there is probable cause to believe that the Defendant committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.), that no condition or combination of conditions will reasonably assure the appearance of the Defendant at future court proceedings.

## III

## ORDER

   IT IS HEREBY ORDERED that the Defendant be detained pending trial in this matter.

   IT IS FURTHER ORDERED that the Defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent

practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by defense and government counsel.

THIS ORDER IS ENTERED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED: __12-11-07__

PETER C. LEWIS
UNITED STATES MAGISTRATE JUDGE

Prepared by:

KAREN P. HEWITT
United States Attorney

James Melendres
Assistant U. S. Attorney

cc: Diane Regan of
    Federal Defenders of San Diego, Inc.